# ZEICHNER ELLMAN & KRAUSE LLP

**MEMO ENDORSED**

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

STUART A. KRAUSE
(212) 826-5305
skrause@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960



5/24/04 @ 11:30.
(Notify opposing counsel)

May 19, 2004

**VIA HAND DELIVERY**

Hon. Richard M. Berman, U.S.D.J.
United States Courthouse
40 Centre Street, Room 201
New York, New York 10007

SO ORDERED:
Date: 5/19/04
Richard M. Berman, U.S.D.J.

RECEIVED
MAY 19 2004
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Re: **Angulo Capital Corp. and Gerard Angulo v. Skadden, Arps, Slate, Meagher & Flom LLP, Case No. 04 CV 3114 (RMB)**

Dear Judge Berman:

We are counsel to defendant Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") in the referenced action. We respectfully request that the Court schedule a pre-motion conference to consider permitting Skadden to move to dismiss the action under Fed. R. Civ. P. 12 because, inter alia, (i) the Court lacks subject matter jurisdiction, (ii) plaintiffs' claims are barred by res judicata and collateral estoppel, and (iii) plaintiffs' legal malpractice claims are barred by the relevant statute of limitations.

## Background.

As set forth in the complaint herein, the parties were previously before the Court in Skadden, Arps v. Angulo, Case No. 02 CV 9322 (RMB) (the "Prior Federal Action"), in which Skadden sought payment from Gerard Angulo ("Angulo") for outstanding legal fees. Jurisdiction in that action was based upon diversity. 28 U.S.C. 1332(a)(1). After filing the complaint, we learned of a problem with subject matter

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Richard M. Berman, U.S.D.J.
May 19, 2004
Page 2

jurisdiction and wrote to advise the Court that, based on the controlling decision in <u>The Herrick Company, Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315 (2d Cir. 2001), diversity jurisdiction was lacking. A copy of our letter of February 26, 2003, is attached for the Court's reference (the "February 26 Letter"). Counsel to Angulo agreed. (<u>See</u> attached letter from Eric W. Berry, Esq., dated February 28, 2003). Accordingly, on March 10, 2003, the Court entered a Stipulation and Order on consent dismissing the action without prejudice.

Skadden promptly refiled its action in New York Supreme Court and, on December 4, 2003, the Hon. Shirley Kornreich, J.S.C., entered summary judgment in Skadden's favor in the amount of $1,238,890.31. In her written decision, Justice Kornreich specifically considered, and rejected, Angulo's claim that Skadden engaged in fraudulent billing practices. (A copy of Justice Kornreich's decision is attached). Angulo's appeal of the Judgment remains pending.

In the present action, Angulo, and Angulo Capital Corp. ("ACC"), his wholly owned company, seek to re-litigate the identical fraudulent billing claims already adjudicated in the state court action. Plaintiffs assert causes of action for legal malpractice, and fraud on the court. Plaintiffs' present action must dismissed.

**<u>Subject Matter Jurisdiction.</u>**

First, no different than in the Prior Federal Action, subject matter jurisdiction is lacking. Consistent with the controlling Second Circuit authority in <u>Herrick</u>, because Skadden is an international partnership, and has partners who are United States

# ZEICHNER ELLMAN & KRAUSE LLP

Hon. Richard M. Berman, U.S.D.J.
May 19, 2004
Page 3

citizens domiciled abroad, complete diversity from plaintiffs is not possible. Thus, this action must be dismissed.[1]

### Res Judicata and Collateral Estoppel.

All issues relating to Skadden's claim for payment of outstanding fees, including plaintiffs' purported claim, asserted here, that Skadden billed them $170,000. for phantom work, were fully adjudicated as defenses and counterclaims raised in the state court action. Plaintiffs are now barred by res judicata and/or collateral estoppel from re-litigating their failed claims here.

### Statute of Limitations.

Finally, plaintiffs' claims for legal malpractice are time barred The statute of limitations for filing a legal malpractice action in New York is three (3) years, whether styled in contract or in tort. CPLR 214(6). A cause of action for legal malpractice accrues at the time the attorney commits the error in question, not when the plaintiff feels the resulting injury or when the claim is discovered. Kahn v. Hart, 270 A.D.2d 231 (2nd Dept. 2000). Assuming as true, for this purpose only, the allegations in the complaint, plaintiffs' alleged malpractice claim accrued at the latest in October 1999, when Angulo received

---

[1] Angulo alleges that in a matter captioned Skaddén, Arps, Slate, Meagher & Flom, LLC v. Learning 2000, Inc., 02 CV 1582, (D. Del), another diversity action in which Skadden successfully sought payment for outstanding fees, Skadden relied on the federal district court's diversity jurisdiction, and that in light of this Skadden somehow allegedly improperly sought the dismissal of the Prior Federal Action. However, Herrick is a Second Circuit decision, and is therefore not controlling precedent in the Third Circuit. In the February 26 Letter, we advised this Court that we disagreed with the Second Circuit's reasoning in Herrick, but were bound to follow it. Skadden was under no such constraints in Delaware. Angulo goes so far as to posture this as a fraud on the court. In the Prior Federal Action, as here, Skadden properly brought controlling Second Circuit authority to this Court's attention.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Richard M. Berman, U.S.D.J.
May 19, 2004
Page 4

Skadden's last itemized invoice for services rendered. Plaintiffs' claims are now time barred.

For all of the foregoing reasons,[2] this action should, and indeed must, be dismissed. We respectfully request that the Court schedule a pre-motion conference. Skadden's time to respond to plaintiffs' complaint expires on May 27, 2004. We respectfully request that the time to respond be extended pending the Court's consideration of our request.

Respectfully submitted,

Stuart A. Krause

cc: Eric W. Berry, Esq. (via hand delivery)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/04
```

---

[2] Plaintiffs also fail to state a cognizable claim for fraud on the court. Even assuming, arguendo, that such a claim could be pleaded (which Skadden would contest in its motion to dismiss), Skadden did not engage in any conduct vis-à-vis this Court which could have in any way impacted upon a determination as to this Court's subject matter jurisdiction in the Prior Federal Action.