```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #:
UNITED STATES DISTRICT COURT            DATE FILED: 2/8/05
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANGULO CAPITAL CORP.
and GERARD ANGULO

                    Plaintiffs,

      -against-                          04-cv-3114 (KMW)

                                         ORDER

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP

                    Defendant.
------------------------------------X
```

Wood, U.S.D.J.:

Defendant law firm moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. At issue is whether Defendant, an international limited liability partnership, can sue or be sued in a diversity action filed pursuant to 28 U.S.C. § 1332 (2004) ("Section 1332"). The Court holds that Defendant is a diversity-destroying party under Section 1332, and for the reasons stated infra, Defendant's motion to dismiss is granted.

Diversity jurisdiction requires complete diversity of parties. Strawbridge v. Curtiss, 7 U.S. 267 (1806). United

States citizens domiciled abroad are "neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990); see also, Twentieth Century Fox Film Corp. v. Taylor, 239 F.Supp. 913 (S.D.N.Y. 1965)(holding that Elizabeth Taylor, a United States citizen who resided abroad, could not be sued in a federal diversity action).

Section 1332(c) sets forth how to ascertain the citizenship of corporations, but does not mention unincorporated partnerships. The United States Supreme Court has held that because Section 1332(c) does not mention unincorporated partnerships, those partnerships should be deemed to be citizens of all states in which any of its partners is domiciled. Carden v. Arkoma Assoc., 494 U.S. 185 (1990).

Defendant has submitted a sworn statement by its managing director, representing that Defendant law firm is an international partnership with non-resident United States citizens among its partners. (Yaffa Aff. ¶ 2.) Plaintiff, has submitted no evidence to the contrary.

Based on Yaffa's affidavit, the Court finds that the Court lacks diversity jurisdiction because Defendant law firm is a diversity-destroying party under 28 USC § 1332(a). See, Herrick Company, Inc. v. SCS Communications, 251 F.3d 315 (2d. Cir. 2001). This case is dismissed pursuant to Fed R. Civ. P. 12(b)(1).

The clerk of the court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          February 4, 2005

                                        /s/ Kimba M. Wood
                                        _____
                                        Kimba M. Wood
                                        United States District Judge

Copies of this Order have been mailed to counsel for the parties.