

**ERIC W. BERRY LAW OFFICE PC**
132 Nassau Street - Suite 1300
New York, New York 10038

Phone (212) 355-0777
Fax (212) 750-1371
e-mail  ericwberry@earthlink.net

USDC SDNY
DATE FILED: 4/18/05

March 21, 2005

*By Hand:*
Hon. Kimba Wood
United State District Judge
Southern District of New York
500 Pearl Street - 8th Floor Mail Room
New York, New York  10007

**MEMO ENDORSED**

*Re: Angulo v. Skadden, Civil Case No. 04 Civ. 3114 (KMW)*

Your Honor:

    I represent plaintiffs Gerard Angulo and Angulo Capital Corp. in the above-referenced action, which was dismissed by the judgment filed on February 15, 2005.

    When filing the notice of appeal from the judgment, I noticed that certain submissions which Your Honor had requested from the parties had not been filed with the clerk and were not identified on the docket report. The omitted submissions demonstrate that Angulo has preserved for appeal an argument that none of Skadden's overseas attorneys can be considered a "partner." Specifically, these documents support Angulo's assertion that, since these attorneys do not have any *right* to share in the firm's profits (and instead rely for their remuneration upon the munificence of the firm's compensation committee), they cannot be considered partners for the purpose of determining the firm's citizenship under the diversity statute.

    Angulo, therefore, requests that the Court file and docket the following items so that they can be considered part of the appellate record.

    (a) The September 30, 2004 affidavit of Earl Yaffa, which acknowledges, at paragraph 4, that the compensation of all 381 partners in Skadden is determined each year by a committee.

    (b) An October 12, 2004 letter from Skadden's attorney, Stuart Krause, Esq. to the Court which stated, at page 2, that the compensation of each of Skadden's partners is determined each year by a committee.

    (c) My October 13, 2004 letter to the Court which asserted, based on case law, that the Skadden attorneys residing abroad could not be considered partners because they did not have fixed right to participate in profits (since their compensation was fixed annually by a committee),

Hon. Kimba M. Wood
March 21, 2005
Page 2

and that, therefore, their oversea domiciles did not destroy diversity.

(d) My October 20, 2004 letter to the Court which responded to Your Honor's October 14, 2004 order requesting that plaintiffs submit by fax "any evidence and/or law" supporting their position that Skadden's non-domiciliary partners did not destroy diversity. This letter, like the October 13, 2004 letter, again identified authorities which held that individuals who lacked a fixed right to profits could not be considered partners. The letter also contended that the residence of only "economic" partners was relevant for determining whether diversity jurisdiction existed.

(e) Mr. Krause's October 21, 2004 letter, which disputed plaintiffs' position that an individual's profit shares had to be fixed by agreement in advance for him to be considered a partner for diversity purposes.

- and -

(f) My October 21, 2004 response to Mr. Krause's October 21 letter.

The Court's February 4, 2005 decision rejected Angulo's argument that an individual's profit share had to be fixed in advance for him to be considered a partner for diversity purposes but did so only implicitly. Therefore, the decision itself does not reveal that Angulo has preserved this issue for appeal.

The documents listed above establish that the Skadden attorneys at issue do not have any rights to profits, but instead depend on the munificence of the Skadden compensation committee. The documents listed above also identify case law which supports Angulo's position, particularly Judge Easterbrook's concurrence in *Equal Economic Opportunity Commission v. Sidley, Austin, Brown & Wood*, 315, 696, 709 (7th Cir. 2002). Angulo has clearly preserved this issue for appellate review. However, unless the documents listed above are filed with the Clerk of the Court and listed on the document report, Angulo will not be able to demonstrate to the Court of Appeals that he did, in fact, preserve them.

In the event the Court needs additional copies of these documents, I would be happy to supply them.

Thank you for your attention to this matter.

Respectfully submitted,

Eric W. Berry

Plaintiffs are directed to confer with Defendant about the six documents Plaintiffs seek to docket. Plaintiffs' counsel shall write to the Court when it has Defendant's consent, and may then submit the six documents to the Court, with enclosures, for docketing. Defendant must receive a copy of everything sent to the Court.

SO ORDERED, N.Y., N.Y.
4-18-05
KIMBA M. WOOD
U.S.D.J.